[Civ. No. 4156.  Third Appellate District.—October 30, 1930.]

YOSHIE MAEDA, Respondent, v. SIERRA NEVADA LIFE AND CASUALTY COMPANY (a Corporation), Appellant.

J. Hampton Hoge, Lawrence Edwards and Len H. Honey for Appellant.

J. Francis O'Shea for Respondent.

MR. JUSTICE Pro Tem. TUTTLE Delivered the Opinion of the Court.—This is an action brought to recover upon a policy of accident insurance issued by appellant. Judgment for the full amount of the policy, $1,000, was entered for plaintiff, and the appeal is taken therefrom.

On August 14, 1928, appellant issued to Toyokichi Maeda a policy of accident insurance wherein plaintiff was desig- nated as beneficiary in the event of loss of life. Thereafter the insured met his death by drowning. He drove his automobile, in the late afternoon, upon a ferry-boat which plies between Ryan Island and Grand Island in Sacramento County. This boat was thirty feet long and twelve feet wide. It was moored to the shore, and was reached by an incline upon the Grand Island side which has a twenty per cent grade. It was raining at the time of the accident. The only witness to the whole occurrence was called by plaintiff. He testified that the insured drove his automobile down the incline toward the boat at a speed of three or four miles per hour, but when the four wheels of the car were upon the ferry, the automobile speeded up to some twenty-five miles per hour, and ran off the end of the boat, plunging into the water. The car was recovered the following morning, and the body of the insured, drowned, was found within it. There was evidence that the brakes upon the car were defective and without lining, so that the car could not be stopped quickly going ten or twenty miles per hour. There was also testimony that when the car was towed from the scene of the accident, the brakes would not hold properly.

The policy limited recovery to accidental death caused "by the wrecking or disablement of a private automobile", and the first point urged by appellant is that the accident does not come within the foregoing provision. It is conceded that there was no "wrecking" of the car, so the inquiry is limited to the meaning of the word "disablement". It is the contention of the appellant that this word "necessarily connotes that there must be damage or injury to the structure of the automobile itself", and that impaired or defective brakes do not come within that category. Respondent takes the position that, by virtue of the defective brakes, there was a "disablement" within the terms of the policy.

It is at once apparent that, though it be conceded that the language of the policy is susceptible to the construction contended for by appellant, it must also be conceded that it is susceptible to the construction contended for by respondent, and we are thus confronted by an uncertainty which it is our duty to construe in favor of the insured, as against the insurer. (*Mah See* v. *North American Acc. Ins. Co.*, 190 Cal. 421 [26 A. L. R. 123, 213 Pac. 42].) Disablement does not necessarily imply sudden force or catastrophe. It is defined, in Webster's New International Dictionary, as the "act of disabling or state of being disabled; deprivation of ability; incapacity". Adopting, as we are required to do, a liberal construction of the policy, our conclusion is that, at the time of the accident, there was a "disablement" of the automobile due to the defective condition of the brakes, as this term is used in the policy before us.

■ It is next contended by appellant that the evidence shows that the accident was not caused by defective brakes, but by the fact that the insured mistakenly stepped upon the gas throttle instead of the brake pedal. We cannot say, under the evidence adduced, that the trial court was bound to adopt such a theory. Even though it may appear to our minds more probable that the decedent accelerated his speed while upon the boat, by opening up the gas throttle, and that the trial court should have found in favor of appellant upon this issue, it was not compelled to so find upon the evidence. ■ Our courts have frequently held that even though all the facts are admitted or uncontradicted, nevertheless if it appears that either one of two inferences may be fairly and reasonably deducted from those facts, there still remains a question of fact to be determined by the jury, and that the verdict of the jury cannot be set aside by this court on the ground that it is not sustained by the evidence. In reviewing a question of this kind, all inferences reasonably possible from the evidence, favorable to plaintiff, must be indulged by the court. (*Mah See* v. *North American Acc. Ins. Co., supra.*) While it is true the insured may have come down the incline at a very slow speed, it is possible, and the trial court may have found, that he may have come down in "low gear", and when he reached the boat he may have disengaged his gears and attempted to rely upon his brakes, which failed him at the crucial moment. In any

event, we are satisfied that there is sufficient evidence to justify a finding by the court that the insured plunged into the water and met his death by reason of the fact that his defective brakes failed to hold.

We are satisfied that the accident came within the terms of the policy, and that a proper disposition of the case was made in the trial court and, accordingly, the judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 28, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 29, 1930.